# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3148 | **DATE** | 3/20/2003 |
| **CASE TITLE** | Andrew Holloway vs. Klein Tools, Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant Klein Tool's motion (Doc 25-1) for summary judgment. All other pending motions are thus rendered moot.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | MAR 21 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 03 MAR 20 PM 4:19 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANDREW HOLLOWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 02 C 3148 |
| | ) | |
| KLEIN TOOLS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
MAR 2 1 2003

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter is before the court on Defendant Klein Tools, Inc.'s ("Klein Tools") motion for summary judgment. For the reasons stated below, we grant the motion for summary judgment.

## BACKGROUND

Plaintiff Andrew Holloway ("Holloway") began working as a tool adjuster for Klein Tools on June 11, 1996. Holloway adjusted the rivets on pairs of pliers and ensured that the blades on the pliers were properly sharpened. His regular job duties also included the operation of a press machine that tightened the rivets on pairs of pliers, material handling, and cleaning throughout the plant. Holloway injured his back at work on July 21, 1997, and took a leave of absence for approximately two weeks.

Holloway received ongoing medical treatment from Dr. Frank Phillips and was temporarily assigned light duty at work. In March 1999, Dr. Phillips indicated that Holloway's back condition would not improve any further and that he would permanently be unable to lift more than thirty pounds without harming his back. The tool adjuster position involved lifting more than thirty pounds and thus Klein Tools decided to have Holloway operate a punch press. A vocational rehabilitation consultant hired by Klein Tools concluded that Holloway would be able to operate a punch press. In accordance with the recommendations of the consultant, Klein Tools intended to start Holloway on the punch press a few hours a day and to allow him to gradually increase his hours. Holloway began working on the machine on March 29, 2000. He stopped after an hour of work because of pain in his back and finished out the day doing light duty work. The next day Holloway was again ordered to operate the punch press. After approximately forty-five minutes he stopped again because of back pain. He told his leadman that he was going home and asked the leadman to inform his supervisor. Holloway claims that he could not tell his supervisor directly because his supervisor was in a meeting. Klein Tools then fired Holloway. Klein Tools claims that it terminated Holloway's employment because he walked off the job without asking permission from his supervisor. Holloway has filed a *pro se* complaint against Klein Tools, claiming that Klein Tools terminated him because of his alleged

disability and failed to provide him with reasonable accommodations in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.* Subsequent to the filing of the motion for summary judgment Klein Tools provided Holloway with appropriate written notice of the purpose of a summary judgment motion and an explanation of the consequences of failing to respond to the motion. *See* Local Rule 56.2; *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992).

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "by affidavits or as otherwise provided for in [Rule 56], must set

forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole in a light most favorable to the nonmoving party and draw all reasonable inferences that favor the nonmoving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

## DISCUSSION

Holloway claims that Klein Tools terminated his employment because of his alleged disability and that Klein Tools failed to accommodate his alleged disability in violation of the ADA. 42 U.S.C. § 12101 *et seq.* However, the scope of the ADA does not encompass every physical and mental discomfort or ailment. *See, e.g., Toyota Motor Mfg., Kentucky, Inc. v. Williams*, 534 U.S. 184, 184 (2002). The ADA only protects individuals that have an impairment that falls within the meaning of the term "disability" as it is defined in the ADA and interpreted by the courts. 42 U.S.C. §§ 12112(a), 12102(2)(A); *Toyota Motor Mfg., Kentucky, Inc.*, 534 U.S. at 184-185.

The ADA defines a disability as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(2)(A). For an impairment to fall within the scope of the ADA definition of a disability the impairment must be "permanent or long term" and the "individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." *Toyota Motor Mfg., Kentucky, Inc.*, 534 U.S. at 185. In determining whether an impairment falls within the ADA definition of a disability the focus must remain on the issue of whether the claimant is "unable to perform the variety of tasks central to most people's daily lives," not whether the claimant is unable to perform the tasks required for the claimant's specific job. *Id.* at 185-86; *Mack v. Great Dane Trailers*, 308 F.3d 776, 780 (7th Cir. 2002). Although there is no exhaustive list of what tasks that are central to most peoples daily lives, the courts have provided some examples. *See Toyota Motor Mfg., Kentucky, Inc.*, 534 U.S. at 185, 197 (listing as examples walking, seeing, hearing, doing household chores, bathing, and brushing teeth); *Mays v. Principi*, 301 F.3d 866, 869 (7th Cir. 2002) (suggesting that walking, seeing, reproduction, and the use of an arm would be tasks that are central to most people's daily lives); *Mack*, 380 F.3d at 781 (listing as examples taking care of one's self and lifting a pencil or toothbrush).

Holloway claims that his back will never improve to the extent that would enable him to lift more than thirty pounds. He claims that his back prevents him from playing sports and socializing. However, he admits that he can lead an independent life without the assistance of others. He can take a shower, brush his teeth, and dress himself without assistance. He also performs household chores such as cooking and doing dishes. He also admits that he can lift a gallon of milk and can stand for three or four hours before he needs to sit down. Although Holloway cannot continue working as a tool adjustor because he cannot lift thirty pounds, the proper inquiry is not whether his inability to lift thirty pounds prevents him from performing his job. The proper inquiry is whether it impairs a task this is central to most peoples daily lives. We sympathize with Mr. Holloway and understand that he has suffered because of his back injury. However, we cannot find that his back impairment affects tasks that are central to most people's daily lives as defined by the Seventh Circuit. *See Mack*, 308 F.3d at 781-82 (holding that plaintiff's perceived limitations regarding lifting did not interfere with tasks central to most people's daily lives); *Mays*, 301 F.3d at 869 (indicating that a person that can lift ten pounds is not disabled and noting that although the "number of Americans restricted by back problems to light work is legion . . . [t]hey are not disabled."); *Wilcox v. American Stores*, 2002 WL 31654938, *5 (N.D. Ill. 2002) (noting that plaintiff's restriction from lifting more than thirty pounds

was not a disability under the ADA). Thus, although Holloway's back is permanently impaired to some degree, the impairment is not sufficiently severe in the eyes of Congress and the judicial system to qualify as a disability and warrant protection under the ADA.

## CONCLUSION

Based on the foregoing analysis, we grant Klein Tools' motion for summary judgment. All other pending motions are thus rendered moot.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 2 0 2003